IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YATES INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-833 |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIMS

For its answer to the complaint, defendant admits, denies, and asserts as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegation contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to its truth.

4. Admits.

5. Admits the allegation contained in the first sentence of paragraph five to the extent supported by Exhibit C cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph five.

Admits the allegation contained in the second sentence of paragraph five. The allegations contained in the third and fourth sentences of paragraph five are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in the first sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegation contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies.

19. Admits the allegation contained in paragraph 19 that DOD/DLA provided plaintiff with photographs of the cylinder storage site; denies the remainder of the allegations contained in paragraph 19.

20. Denies.

21. Denies.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies.

24. Admits the allegations contained in paragraph 24 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegation contained in paragraph 25 to the extent supported by the request for equitable adjustment cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 25.

26. Admits the allegation contained in paragraph 26, that in response to plaintiff's claim, DOD/DLA authorized reimbursement to plaintiff for the actual cost, plus 10 percent profit, for removing the rusted caps; denies the remainder of the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the contracting officer's February 7, 2005 decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 28.

29. Admits the allegation contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 29.

30. Denies the allegation contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the delivery order cited, which is the best evidence of its contents; otherwise, denies the allegations

contained in paragraph 31.

32. Admits the allegation contained in paragraph 32 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 32.

33. Admits the allegation contained in paragraph 33 to the extent supported by the request for progress payment cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the requests for progress payment cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 34.

35. Denies.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Admits the allegation contained in the first sentence of paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the

allegation contained in the first sentence of paragraph 41. Denies the allegation contained in the second sentence of paragraph 41.

42. Admits.

43. The allegation contained in paragraph 43 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

44. Admits the allegations contained in paragraph 44 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits the allegation contained in the first sentence of paragraph 46 that plaintiff contacted DOD/DLA in October 2003 and claimed that the 500 cylinders had to be vented and hydrostatically tested; denies the remainder of the allegation contained in the first sentence of paragraph 46, that plaintiff referred to the European Union transportation regulations. Denies the allegation contained in the second sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the third sentence of paragraph 46.

47. Admits the allegation contained in paragraph 47 that DOD/DLA agreed to allow plaintiff to vent, hydrostatically test, and refurbish the cylinders; denies the remainder of the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegation contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to its truth.

49. Denies the allegations contained in the first sentence of paragraph 49. Admits the allegation contained in the second sentence of paragraph 49.

50. Denies.

51. Admits the allegation contained in the first sentence of paragraph 51 to the extent supported by the parties' refurbishment contract, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 51. Denies the allegations contained in the second and third sentences of paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies.

53. Denies.

54. Admits the allegation contained in the first sentence of paragraph 54. Denies the allegation contained in the second sentence of paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 55.

56. Admits the allegations contained in the first and second sentences of paragraph 56 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 56. Admits the allegation contained in the third sentence of paragraph 56 to the extent supported by the option award cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the third sentence of paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 57.

58. Admits.

59. Admits the allegation contained in paragraph 59 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation

contained in paragraph 59.

60. Admits.

61. Admits the allegation contained in paragraph 61 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 61.

62. Admits the allegation contained in the first sentence of paragraph 62 that the contracting officer may have told plaintiff that the Refill Contract was "the same as" the National Welders contract in some respects; denies that the contracting officer told plaintiff that the Refill Contract "was the same as the National Welders contract" with respect to the minimum and maximum delivery orders. Admits the allegation contained in the second sentence of paragraph 62 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 62.

63. Admits.

64. Admits the allegations contained in paragraph 64 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 64.

65. Admits the allegation contained in paragraph 65 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 65.

66. Admits the allegation contained in paragraph 66 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 66.

67. Admits the allegation contained in paragraph 67 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 67.

68. Denies the allegation contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to its truth.

69. The allegation contained in paragraph 69, that “EU regulations . . . are more stringent than DOD/DLA regulations” constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remainder of the allegations contained in paragraph 102 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the remainder of the allegations contained in paragraph 69.

70. Denies.

71. Admits the allegations contained in paragraph 71 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 71.

72. Admits the allegation contained in paragraph 72 that, on or before September 18, 2003, which was before the Refill Contract was awarded, plaintiff notified the contracting officer that contractors in Germany typically use T-carts; denies the remainder of the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 73.

74. Denies.

75. Admits the allegation contained in paragraph 75 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 75.

76. Admits the allegation contained in the first sentence of paragraph 76 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the first sentence of paragraph 76. Admits the allegation contained in the second sentence of paragraph 109 to the extent supported by the

facsimile cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 76.

77. Denies.

78. The allegation contained in paragraph 78, that "EU regulations . . . are typically more stringent than U.S./DOD/DLA regulations" constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remaining allegation contained in paragraph 78 to the extent supported by the parties' Refill contract, which is the best evidence of its contents; otherwise, denies the remaining allegation contained in paragraph 78.

79. Admits the allegation contained in paragraph 79 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegation contained in paragraph 79.

80. Admits.

81. Denies the allegation contained in paragraph 81 for lack of knowledge or information sufficient to form a belief as to its truth.

82. Admits the allegation contained in paragraph 82 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegation contained in paragraph 82.

83. Admits.

84. Denies.

85. Denies.

86. Denies.

87. Denies.

88. Admits the allegations contained in paragraph 88 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 88.

89. Denies the allegation contained in the first sentence of paragraph 89. Denies the allegation contained in the second sentence of paragraph 89, that the Government made a "statement" to Yates that freight would be reimbursed at a flat rate of $2,000 per delivery; denies the remainder of the allegations contained in the second sentence of paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.

90. Admits the allegation contained in paragraph 90 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 90.

91. Admits the allegation contained in paragraph 91 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation

contained in paragraph 91.

92. Admits the allegation contained in the first sentence of paragraph 92. Admits the allegation contained in the second sentence of paragraph 92 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 92.

93. Denies.

94. Admits the allegation contained in paragraph 94 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 94.

95. Admits the allegation contained in paragraph 95 to the extent supported by the spreadsheet cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 95.

96. Denies.

97. Denies.

98. Denies.

99. Admits the allegation contained in the first sentence of paragraph 99. Denies the allegation contained in the second sentence of paragraph 99.

100. Denies.

_____101. Denies.

102. Denies the allegations contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.

103. Denies the allegation contained in paragraph 103 for lack of knowledge or information sufficient to form a belief as to its truth.

104. Denies the allegation contained in paragraph 104, that the contracting officer stated that "he would be willing to address the issue after award"; denies the remainder of the allegations contained in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105. Denies the allegation contained in paragraph 105 for lack of knowledge or information sufficient to form a belief as to its truth.

106. Denies the allegation contained in paragraph 106 for lack of knowledge or information sufficient to form a belief as to its truth.

107. Denies.

108. Denies.

109. Admits the allegation contained in the first sentence of paragraph 109 to the extent supported by the "Claim for Equitable Adjustment" cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 109. Admits the allegation contained in

the second and third sentences of paragraph 109 to the extent supported by DLA's letter dated February 7, 2005, which is the best evidence of its contents; otherwise denies the allegation contained in the second and third sentences of paragraph 109.

110. Admits.

111. Admits the allegation contained in the first sentence of paragraph 111 to the extent supported by the "Claim for Equitable Adjustment" cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 111. Admits the allegation contained in the second sentence of paragraph 111 to the extent supported by Yates's January 13, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 111. Admits the allegation contained in the third sentence of paragraph 111 to the extent supported by DLA's February 7, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 111.

112. Admits.

_____113. Admits the allegation contained in paragraph 113 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 113.

114. Admits the allegation contained in paragraph 114 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 114.

115. Admits the allegation contained in the first sentence of paragraph 115 to the extent supported by Exhibit B cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 115. Admits the allegation contained in the second sentence of paragraph 115.

116. Admits.

117. Defendant's responses to paragraphs 1 through 116 of the complaint are incorporated by reference.

118. Denies.

119. Denies.

120. Defendant's responses to paragraphs 1 through 119 of the complaint are incorporated by reference.

121. Denies.

122. Denies.

123. Defendant's responses to paragraphs 1 through 122 of the complaint are incorporated by reference.

124. Denies.

125. Denies.

126. Defendant’s responses to paragraphs 1 through 125 of the complaint are incorporated by reference.

127. Denies.

128. Denies.

129. Defendant’s responses to paragraphs 1 through 128 of the complaint are incorporated by reference.

130. Denies.

131. Denies.

132. Defendant’s responses to paragraphs 1 through 131 of the complaint are incorporated by reference.

133. Denies the allegations contained in paragraph 133 for lack of knowledge or information sufficient to form a belief as to their truth.

134. Denies.

135. Denies.

136. Denies.

137. Denies.

138. Defendant’s responses to paragraphs 1 through 137 of the complaint are incorporated by reference.

139. Denies.

140. Denies.

141. Defendant’s responses to paragraphs 1 through 140 of the complaint are incorporated by reference.

142. Denies.

143. Denies.

144. Denies.

145. Admits the allegation contained in paragraph 145 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 145.

146. Denies.

147. Denies.

148. Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 147 or to any relief whatsoever.

149. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

150. All or part of plaintiff's claims are barred by the doctrine of accord and satisfaction.

151. All or part of plaintiff's claims are barred by the doctrine of waiver.

DEFENDANT'S COUNTERCLAIMS[1]

152. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1503 and 2508.

153. The Refurbishment Contract incorporated by reference FAR clause 52.245-3, "Government Property (Fixed Price Contracts)."

154. The Refill Contract incorporated by reference FAR clause 52.245-3, "Government Property (Fixed Price Contracts)."

155. FAR § 45.103 states that "[C]ontractors are responsible and liable for Government property in their possession unless otherwise provided by contract."

156. Yates International, L.L.C. ("Yates") was responsible for ensuring the safety and security of the cylinders, T-carts, and other Government Furnished Property ("GFP") in its possession as a result of its performance of the Refurbishment Contract.

157. Yates was responsible for ensuring the safety and security of the cylinders, T-carts, and other GFP in its possession as a result of its performance of the Refill Contract.

158. The Refurbishment Contract incorporated by reference FAR clause 52.249-8, "Default (Fixed-Price Supply and Service)."

[1] The counterclaims asserted in this answer are identical to those asserted in our amended answer to plaintiff's complaint in Case No. 06-157C (Fed. Cl.), and in our answer to plaintiff's complaint in Case No. 06-570C (Fed. Cl.).

159. The Refill Contract incorporated by reference FAR clause 52.249-8, "Default (Fixed-Price Supply and Service)."

160. Under the Default clause (Fixed-Price Supply and Service), the contractor is liable to the Government for the excess costs of procuring "supplies or services similar to those terminated."

161. On February 24, 2005, Yates employee Trevor Noble informed the Government that Yates would abandon its Holland facility on February 25, 2005.

162. On February 25, 2005, Yates abandoned its Holland facility. Yates abandoned in excess of 8,000 cylinders which were the property of the United States Government, as well as other GFP such as T-Carts, at its Holland facility.

163. When Yates International abandoned its Holland facility on February 25, 2005, it left debris other than GFP scattered about the facility.

164. Of the empty cylinders discovered in Yates' abandoned facility, 2,627 did not have valves. On March 1, 2005, Trevor Noble, Yates' general manager in Holland, e-mailed the contracting officer that "Jim [Yates] stopped sending over valves for us to fit to the cylinders. These cylinders are fully refurbished and only miss the valves. I beleive [sic] Jim has been paid the full $40-00 for these cylinders."

165. On or about March 3, 2005, Yates received a modification to the Refill Contract, which notified Yates that the contract was terminated for default and that Yates would be liable to the Government for excess reprocurement costs the Government incurred as a result of the termination for default.

166. On or about March 3, 2005, Yates received a modification to the Refurbishment Contract, which notified Yates that the contract was terminated for default and that Yates would be liable to the Government for excess reprocurement costs the Government incurred as a result of the termination for default.

167. On March 9, 2005, the termination contracting officer sent a letter to Yates about retaining GFP. The letter noted that Yates had apparently abandoned its facility and failed to take any action to protect the GFP provided to it under the contracts. The letter further notified Yates that it would be liable to the Government for any potential losses of GFP.

168. Yates did not return to its Holland facility to secure the GFP or clean up the facility.

169. The Government was forced to expeditiously secure the abandoned GFP and clean the abandoned facility. The Government was also forced to pay for the removal of the GFP at the facility to its follow-on contractor.

170. On March 10, 2005, the Government awarded contract SP0406-05-M-Z791 to Exploitatiemaatschappij Laanweg BV, the owner

of the facility and Yates' former landlord, to temporarily provide secure storage for four weeks of the GFP which Yates had abandoned. The Government paid $31,837.41 for the performance of this contract.

171. On May 3, 2005, the Government awarded contract SP0406-05-D-4067-001Z to International Gas & Services, NV ("IGS") in Belgium to perform the remainder of the term of the Refill Contract and to complete the Refurbishment Contract. The contract includes a separate contract line item number ("CLIN") for the removal of the GFP from Yates' abandoned facility to IGS and for cleanup of Yates' Holland facility. The Government paid $62,901.88 to IGS for services under this CLIN.

172. By letter dated June 29, 2006, the contracting officer issued a final decision to Yates demanding breach of contract, and termination and reprocurement related costs from Yates in the amount of $127,576.79, plus interest. Exhibit "A."

**COUNT I**

**Reprocurement Costs**
**(Temporary Storage of Government Furnished Property)**

173. The Government's requirements to procure services and supplies under Contract No. SP0406-05-M-Z791 were a direct result of the termination for default of the Refurbishment and Refill Contracts.

174. The services and supplies purchased under Contract No. SP0406-05-M-Z791, required to secure the storage of GFP, were similar to those purchased under the Refurbishment and Refill Contracts.

175. Yates is liable to the Government for costs it incurred, in the amount of $31,837.41, under Contract No. SP0406-05-M-Z791, pursuant to the Default clauses contained in the Refurbishment and Refill Contracts.

**COUNT II**

**Reprocurement Costs**
**(Removal of GFP and Debris from Yates International Facility)[2]**

176. The Government's requirement to procure CLIN 9905 of Contract No. SP0406-05-D-4067-001Z was a direct result of the termination for default of the Refurbishment and Refill Contracts.

177. The services and supplies purchased under CLIN 9905 under Contract No. SP0406-05-D-4067-001Z, for transfer of the abandoned GFP and cleanup of the Yates facility, were similar to

[2] Performance under Contract SP0406-05-D-4067-001Z is still continuing and the Government is not therefore currently able to assess the entire reprocurement costs it will incur under this or any other follow-on contract. However, because the nature of CLIN 9905 of the contract is severable from the remainder of the contract because it was a one-time cost resulting from Yates International's default, the Government is asserting damages for this single CLIN now. By doing so, the Government is in no way forfeiting or waiving its rights to seek additional reprocurement costs from Yates International in the future under this or any other contract.

those purchased under the Refurbishment and Refill Contracts.

178. Yates is liable to the Government for costs it incurred under CLIN 9905 under Contract No. SP0406-05-D-4067-001Z, in the amount of $62,901.88, pursuant to the Default clauses contained in the Refurbishment and Refill Contracts.

**COUNT III**

**Breach of Contract Damages**
**(Temporary Storage of Government Furnished Property)**

179. Yates' abandonment of the Refurbishment Contract constituted a breach of contract.

180. Yates' abandonment of the Refill Contract constituted a breach of contract.

181. The Government's requirement to obtain temporary secure storage of the GFP abandoned by Yates was a direct and proximate result of Yates' breach of the Refurbishment Contract and/or the Refill Contract. This requirement was reasonably foreseeable by Yates.

182. Yates is liable to the Government for costs it incurred under Contract No. SP0406-05-M-Z791, in the amount of $31,837.41, as damages for breach of contract.

**COUNT IV**

**Breach of Contract Damages**
**(Removal of GFP and Debris from Yates International Facility)**

183. Yates' abandonment of the Refurbishment Contract constituted a breach of contract.

184. Yates' abandonment of the Refill Contract constituted a breach of contract.

185. As a direct and proximate result of Yates' breach of the Refurbishment Contract and/or the Refill Contract, the Government was required to clean up the premises abandoned by Yates and transfer the abandoned GFP to the follow-on contractor. This requirement was reasonably foreseeable by Yates.

186. Yates is liable to the Government for costs it incurred under CLIN 9905 of Contract No. SP0406-05-D-4067-001Z, in the amount of $62,901.88, as damages for breach of contract.

**COUNT V**

**Breach of Contract Damages**
**(Cylinder Valves)**

187. Yates accepted payment for 2,627 cylinder valves under the Refurbishment Contract which it failed to provide to the Government.

188. Because Yates did not tender the 2,627 cylinder valves to the Government, it breached the parties' contract.

189. The Refurbishment Contract contains a price list which provides a price for miscellaneous parts that the contractor might need to purchase. The price listed for "Cylinder Valve" is $12.50 each.

190. Yates is liable for breach of contract damages to the Government for the 2,627 cylinder valves, in the amount of

$32,837.50, as a result of its breach of the Refurbishment Contract.

**COUNT VI**

**Conversion**
**(Cylinder Valves)**

191. The abandoned property at Yates' Holland facility included 2,627 cylinders without valves. Yates accepted payment for providing these 2,627 cylinders, including the valves, to the Government.

192. Upon payment, these cylinder valves became Government Furnished Property. The Government possessed title to the cylinder valves. Yates maintained possession of the cylinder valves and has failed to return them to the Government.

193. Yates' failure to provide the 2,627 cylinder valves to the Government after receipt of payment constitutes a conversion of the cylinder valves.

194. Yates is liable to the Government for conversion of the 2,627 cylinder valves, in the amount of $32,837.50 for the value of the converted property plus any additional damages or relief available at law or equity.

**PRAYER FOR RELIEF**

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant a monetary judgment against Yates International in the amount of $127,576.79 and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Facsimile: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

EDWARD MURRAY
Trial Attorney
Office of Counsel
Defense Supply Center Richmond
8000 Jefferson Davis Highway
Richmond, VA 23297-5701
Tele: (804) 279-4811

FEBRUARY 5, 2007

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 5th day of FEBRUARY, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore